AO 106 (Rev. 7/87) Affidavit for Search Warrant

# United States District Court
### DISTRICT OF DELAWARE

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

The person and body of        07-44M-MPT
TONY L. CLARK
Black Male, Date of Birth ____/82
Currently in federal custody

REDACTED

I, Patrick Fyock, being duly sworn depose and say:

I am a <u>Special Agent, ATF</u> and have reason to believe that __X__ on the person of, or ___ on the property or premises known as (name, description and/or location):

See Attachment A, which is incorporated herein by reference,

in the _____ District of _____ Delaware _____
there is now concealed a certain person or property, namely (describe the person or property to be seized)

See Attachment B, which is incorporated herein by reference,

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rule of Criminal Procedure):

property that constitutes evidence of the commission of a criminal offense, the fruits of crime and things criminally possessed and property designed and intended for use and which has been used as a means of committing a criminal offense, that is 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (possession of a firearm by a prohibited person).

The facts to support a finding of Probable Cause are as follows:

See attached affidavit of Patrick Fyock, which is incorporated herein by reference.

Continued on the attached sheets and made a part hereof.    __X__ Yes    ___ No

_____
Signature of Affiant
Special Agent, ATF

FILED
MAR 15 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Sworn to before me, and subscribed in my presence

March 9, 2007                                    at    Wilmington, Delaware
Date                                                    City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware
_____
Name and Title of Judicial Officer               Signature of Judicial Officer

AFFIDAVIT OF PATRICK FYOCK

1.  Your Affiant, Patrick Fyock, has been a Special Agent for more than five years with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). During that time, Your Affiant's duties have included the investigation of federal and state firearms offenses. Prior to being hired by ATF, Your Affiant was employed as a Police Officer for seven years with the New Castle County Police Department in Delaware. During the course of Your Affiant's law enforcement career, Your Affiant has received law enforcement training on the investigation of firearms offenses on numerous occasions, including, but not limited to, at the ATF academy, the New Castle County Police Academy, and the Federal Law Enforcement Training Center. The training was on topics including, but not limited to, firearms identification, firearms nomenclature, and firearms identification. During the course of Your Affiant's law enforcement career, Your Affiant has participated in more than 80 seizures of firearms and more than 120 investigations of firearms offenses. Furthermore, Your Affiant has consulted on numerous occasions with law enforcement officers investigating firearms offenses about the facts and circumstances of the offenses under investigation.

2.  Your Affiant submits this affidavit in support of a search warrant to obtain a sample of hair, blood, saliva, and other body fluid from the person and body of Tony L. Clark, who is more fully described in Attachment A to this affidavit, sufficient to provide a quantity of deozyribonucleic acid ("DNA") that could be submitted to a forensic laboratory and possibly matched by forensic DNA testing, typing, and analysis with one or more samples of human DNA that may be obtained from a firearm seized on February 28, 2007, in Wilmington, Delaware, specifically a Smith and Wesson, model 36, .38 caliber revolver, serial number 609044 (the "Firearm"), loaded with five rounds of ammunition. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact known to Your Affiant regarding this investigation.

3.  Your Affiant was also the affiant on an affidavit, which is attached and incorporated herein by reference, filed in support of a criminal complaint charging Tony L. Clark (the "Defendant") with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (possession of a firearm by a prohibited person). The affidavit described the Defendant's flight from police on the morning of February 28, 2007; the subsequent foot chase that ensued in the area of Fifth, Pine, and Spruce Streets in Wilmington, Delaware; the observation by eyewitnesses of the Defendant discarding an item as he was fleeing from the police; and the subsequent recovery by the police of the Firearm from the area into which the Defendant was observed throwing an item. Based on additional investigation, Your Affiant has determined that the Defendant was observed throwing the item into the fenced-in rear yard of the residential home located at              Street; when the police responded to that location, they found the Firearm sitting on a concrete patio next to plastic lawn furniture; and the eyewitnesses observed the Defendant throw the item over the fence to the rear yard of              Street from approximately 10-15 feet away.

4.  This Court conducted a preliminary hearing regarding the Criminal Complaint on March 6, 2007, and found sufficient probable cause for the case to proceed. Also on March 6, 2007, a Grand Jury sitting in the District of Delaware returned a one-count indictment against the

Defendant, charging him with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

5.  Your Affiant knows from training and experience, and from information provided in consultation with one or more experienced agents and/or forensic serologists, that a sample of the Defendant's hair, blood, saliva, and other bodily fluid would be of evidentiary value, in that such sample could be analyzed and tested, using forensic DNA testing techniques, against any samples of human DNA recovered from the Firearm. Such forensic DNA testing would make it possible to draw strong conclusions regarding whether any DNA evidence that may be found on the Firearm is likely to have originated with the Defendant. The results and conclusions drawn from forensic DNA testing and comparison of hair, blood, saliva, or other body fluid samples of known and unknown origin have been deemed admissible evidence in the courts of the United States.

6.  Based on the foregoing, there is probable cause to believe that the Defendant committed the crime of possession of a firearm by a person prohibited, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Accordingly, there is probable cause to believe that the Defendant may be the source of any human DNA evidence that is subsequently found on the Firearm obtained in this criminal investigation, and that a sample of the Defendant's hair, blood, saliva, and other body fluid constitutes evidence of the commission of such criminal offense.

7.  Accordingly, your Affiant requests the issuance of a warrant to seize and obtain from the Defendant a sample of his hair, blood, saliva, and other body fluid. Blood and other internal body fluid will be taken by a licensed doctor, nurse, or other qualified medical practitioner under sanitary conditions and according to accepted medical practices. Hair and saliva evidence will be taken by a Special Agent or ATF technician using generally accepted forensic evidence collection methods.

_____
Patrick Fyock
Special Agent, ATF

Sworn to and subscribed before me this __9__ day of March, 2007.

_____
Honorable Mary Pat Thynge
United States Magistrate Judge

ATTACHMENT A

DESCRIPTION OF THE PERSON AND BODY OF TONY L. CLARK

Tony L. Clark is a black male, whose date of birth is          1982, who has been issued Social Security Number          '584 and who has been assigned SBI number 00306445. Mr. Clark currently is in federal custody, having been detained pending trial.

## ATTACHMENT B

An adequate sample of hair, blood, saliva, and other body fluid sufficient to provide a quantity of deozyribonucleic acid ("DNA") that could be submitted to a forensic laboratory and possibly matched by forensic DNA testing, typing, and analysis with one or more samples of human DNA. Blood and other internal body fluid will be taken by a licensed doctor, nurse, or other qualified medical practitioner under sanitary conditions and according to accepted medical practices. Hair and saliva evidence will be taken by a Special Agent or ATF technician using generally accepted forensic evidence collection methods.

## AFFIDAVIT OF PATRICK FYOCK

1. Your affiant Patrick Fyock. Your affiant has been a Special Agent for over five and a half years with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives(ATF). During that time, my duties have included the investigation of federal and state firearms offenses. Prior to being hired by ATF, I was employed as a Police Officer for seven years with the Nationally Accredited New Castle County Police Department in Delaware. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on numerous occasions, including but not limited to the ATF Academy, New Castle County Police Academy, Firearms identification classes, Firearms Nomenclature classes, Firearms identification classes at the Federal Law Enforcement Training Center. During the course of your affiant's law enforcement career, your affiant has participated in over 80 seizures of firearms and well over 120 investigations of firearms offenses, as well as numerous conversations about the facts and circumstances of firearms offenses with the investigating officers of those firearms offenses.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and conversations with Wilmington Police Officers.

3. The seizure of all the below stated evidence occurred on February 28, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

4. Your affiant reviewed the computer criminal history information for the defendant from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony conviction for Theft of a Firearm from on or about 09/10/2002 in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year.

5. Your affiant learned the following that police offices were on patrol in the area of 5th and Pine streets and observed a subject, later identified as Tony L. Clark, loitering in the area of the nearby school. It should be noted that the same subject was observed by officers as they drove past on two previous occasions. When the uniformed police officers attempted to contact this subject he immediately fled. The subject fled through a parking lot to Spruce Street then on to 5th Street and into an alley. At this point the pursuing officer lost sight of the subject and began to check the vacant buildings and backyards that border the alley. Assisting police officers notified the initial officer that they had detained a subject who was exiting the alley. The Wilmington police officer who pursued the subject responded to the end of the alley and positively identified the subject as the same male who fled from him. The subject was detained and identified as Tony L. Clark.

6. A concerned citizen (cc1) notified a Wilmington Police Officer and stated he was told by a caller with whom he is associated (caller) essentially that the caller was with others in the area and they observed the above mentioned foot chase and saw the subject being chased discard an

item over a wood fence in the alley while being chased by police.

7. Your affiant was informed that Wilmington police detectives responded to the area of the previous foot chase, as described by caller and located a Smith & Wesson, Model 36, .38 caliber revolver, serial number 609044.

8. It should be noted that S/A Patrick Fyock spoke to the cc1 via phone and was told that the caller informed cc1 that the caller and others were in the area and observed the foot chase and arrest. Cc1 also stated that caller told him the subject who was being chased by police first attempted to gain access to a house and when he could not gain access he walked away and as he passed a wooden fence in the alley he threw an unknown object over the fence and into a backyard. Cc1 also stated that the caller told him a short time after the caller and his associates observed the subject taken into custody they walked to the area and observed a gun. That is when the caller first advised cc1 of the incident, who called police.

9. From my training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the Smith & Wesson Model 36 .38 caliber serial number 609044 was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____
Patrick Fyock
Special Agent, ATF

Sworn to and subscribed in my presence
this ___ day of March 2007

_____
Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware